IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00502-CMA

ANDREW WILLIAM MACDONALD, and
SANDRA LYNNE RAY-SHOEMAKER,

    Plaintiffs,

v.

UNITED STATES OF AMERICA

    Defendant.

---

**ORDER DISMISSING CASE WITH PREJUDICE**

---

This matter is before the Court *sua sponte*, in light of the March 1, 2016 Order to Show Cause. (Doc. # 4.) Because this suit is brought in violation of the principle of *res judicata* and the doctrine of sovereign immunity, this Court dismisses the case with prejudice.

### I. BACKGROUND

Plaintiffs were recently subject to an adverse default judgment in a case styled *United States of America v. MacDonald et al*, Case No. 15-cv-02153-CMA (the "underlying suit"). On February 29, 2016, Plaintiffs filed the instant suit. On March 10, 2016, Plaintiffs filed their first amended complaint.[1] (Doc. # 7.) The first amended

---

[1] Save for the addition of a handwritten telephone number, the first amended complaint and the original complaint are identical.

complaint contained a mere recital of the pleadings filed by Plaintiffs in the underlying suit, all of which advanced quasi-legal and religious arguments that are neither comprehensible nor legally cognizable.  Because this action was brought as an apparent effort to relitigate the underlying lawsuit, this Court on March 1, 2016 issued an order directing Plaintiffs to show cause why the suit should not be dismissed as inappropriately repetitious litigation in violation of the principle of *res judicata*.  (Doc. # 4.)  Plaintiffs were ordered to respond in writing on or before March 11, 2016.  (*Id*.)  In apparent response, Plaintiffs filed a second amended complaint styled as an "Amended Complaint and Show Cause" on March 10, 2016.  (Doc. # 7.)

## II. LEGAL STANDARD AND DISCUSSION

The doctrine of *res judicata*, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment.  *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) (quotation marks and citation omitted).  Though *res judicata* is traditionally an affirmative defense, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised."  *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal citation omitted).  This is fully consistent with the policies underlying *res judicata*, which are "not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but [are] also based on the avoidance of unnecessary judicial waste."  *Id.* (citing *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)).

A claim is barred by *res judicata* when the prior action involved identical claims and the same parties or their privies. *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir.1993). A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default. *Morris v. Jones*, 329 U.S. 545, 550-51 (1947).

The Court has thoroughly reviewed the original and amended complaints. In the second amended complaint filed in apparent response to the order to show cause, Plaintiffs do not address how the instant action differs from the underlying suit. Instead, Plaintiffs again point to filings in the underlying suit, and advance arguments that are neither comprehensible nor legally cognizable.[2]

It is plain that Plaintiffs wish to relitigate the underlying suit, an action that was fully and finally adjudicated by this Court. The instant complaints raise no new claims and fail to differentiate this action in any way – meaningful or otherwise – from the underlying suit. This Court need not and will not indulge this repetitious litigation.

The Court further notes that this case is brought in apparent violation of the doctrine of sovereign immunity. Plaintiffs name as the only Defendant the United States of America. "It has long been established . . . that the United States, as sovereign, 'is immune from suit save as it consents to be sued.'" *United States v. Testan*, 424 U.S.

---

[2] Plaintiffs, for example, argue they have entered into a "binding private trust" with the United States of America and delivered "financial instruments" totaling $1,787,472.19 to settle their outstanding debts. (Doc. # 7 at 1-2.) The "financial instruments" to which Plaintiffs allude are the so-called "Notice of Claim and Demand" and "Affidavit of Individual Surety" filings made in the underlying suit. *See, e.g.*, (Case No. 15-cv-02153-CMA, Doc. # 23.) These documents are nonsensical assemblages of quasi-legal jargon, not financial instruments.

392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). This immunity extends to injunctive relief. *Hatahley v. United States*, 351 U.S. 173, 176 (1956) (district court had no power to enjoin United States or its agents from destroying horses owned by Navaho Indians); *Naganab v. Hitchcock*, 202 U.S. 473, 475–76 (1906) (Chippewa Indians could not require Secretary of Interior to administer certain lands for their benefit); *Hill v. United States*, 50 U.S. 386, 388–90 (1850) (judgment debtor barred from enjoining United States from enforcing judgment); *see also United States v. Patterson*, 206 F.2d 345, 348 (5th Cir.1953) ("[I]t is beyond dispute that unless expressly permitted by an Act of Congress, no injunction can be granted against the United States.").

As the Supreme Court explained in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949) (superseded in part by 5 U.S.C. § 702):

> [I]t is one thing to provide a method by which a citizen may be compensated for a wrong done him by the Government. It is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act. There are the strongest reasons of public policy for the rule that such relief cannot be had against the sovereign. The Government, as representative of the community as a whole, cannot be stopped in its tracks by any plaintiff who presents a disputed question of property or contract right. As was early recognized, "The interference of the Courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief...."

*Id*. at 704 (quoting *Decatur v. Paulding*, 14 Pet. 497, 516 (1840)).

The existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, if the government has not consented to suit, the courts have no jurisdiction to either "restrain the government from acting, or to

compel it to act." *Larson*, 337 U.S. at 704.  Believing that the United States has not consented to this suit or Plaintiffs' prayers for injunctive relief, this Court concludes it lacks jurisdiction to entertain the action.

For the foregoing reasons, it is ORDERED that this case is DISMISSED WITH PREJUDICE as repetitious litigation in violation of the principle of *res judicata* and the doctrine of sovereign immunity.  Plaintiffs are further advised that the continued initiation of repetitious suits may result in the imposition of sanctions, including filing restrictions.  It is

FURTHER ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Doc. # 8) and Motion for Forthwith Hearing (Doc. # 10) are DENIED AS MOOT.

DATED:  March 15, 2016

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge